# PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.

T.C. Summary Opinion 2014-73

UNITED STATES TAX COURT

INA FARKA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5599-13S.                    Filed July 21, 2014.

Ina Farka, pro se.

<u>Michelle R. Weigelt</u> and <u>Cathy Fung</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

This case arises from petitioner's request for relief from joint and several liability under section 6015 with respect to an understatement of Federal income tax for 2010. Respondent denied petitioner relief from joint and several liability under section 6015(b), (c), and (f). The issue for decision is whether petitioner is entitled to relief under section 6015(b), (c), or (f) for 2010.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in Maryland when she filed her petition.

Petitioner and Frank Koye were married in Albania in 1997 and later moved to the United States. Mr. Koye filed for divorce in February 2010 and moved out of the marital home after May 31, 2010. Petitioner and Mr. Koye's divorce became final on October 28, 2011.

Petitioner is currently employed with the Department of Homeland Security as an analyst. During 2010 petitioner worked as an employee of the Department of Labor (DOL). The $18,682 she earned at the DOL was reported on her joint

Form 1040, U.S. Individual Income Tax Return, for 2010.  Petitioner's employment with the DOL terminated in April 2010.  It took some time to process petitioner's claim for unemployment compensation, but she began receiving payments in September 2010 retroactive to April 2010.  Petitioner received unemployment compensation totaling $11,879, which was not reported on her joint Form 1040 for 2010.  Petitioner received before April 2011 a Form 1099-G, Certain Government Payments, reporting the unemployment compensation she was paid.  Petitioner deposited her checks into her own bank account.

On March 26, 2010, petitioner and Mr. Koye were sent a Federal tax refund for 2008 that included taxable interest of $276 that was not reported on their joint Form 1040 for 2010.  The record does not clearly show into whose bank account the refund check was deposited.

On May 31, 2010, the District Court of Maryland for Montgomery County issued an interim protective order in favor of petitioner and her children against Mr. Koye on the basis of a finding that there were reasonable grounds to believe that Mr. Koye had committed an assault.  Mr. Koye was ordered not to abuse, threaten, or contact petitioner, and she was granted temporary use and possession of the marital home.  The interim protective order was changed to a temporary protective order on June 2, 2010.  On August 27, 2010, Mr. Koye was adjudicated

"not guilty" of a second degree criminal assault charge after petitioner invoked "marital privilege after oath".

Geraldine Casey, a licensed attorney who no longer practices law but prepares tax returns under her own name, prepared petitioner's joint Federal income tax return for 2010. Ms. Casey prepared and filed Federal income tax returns for petitioner and Mr. Koye for about 10 years. Her normal routine was to provide them with an "organizer" in which to record their information for the tax year along with their pertinent documents.

For the 2010 tax return Ms. Casey sent separate organizers to petitioner and Mr. Koye, as they were living apart, and they each provided her with the information she used to prepare the return. The joint Federal income tax return for petitioner and her husband was filed on or about April 22, 2011.

Respondent issued a statutory notice of deficiency to petitioners for 2010 on May 29, 2012, determining that they had failed to include in income petitioner's unemployment compensation and the interest paid by the Internal Revenue Service (IRS) on a tax refund. According to respondent, neither petitioner nor Mr. Koye filed a petition for redetermination of the deficiency, and the deficiency was assessed in due course.

## Discussion

In general, a spouse who files a joint Federal income tax return is jointly and severally liable for the entire tax liability. Sec. 6013(d)(3). If certain requirements are met, however, an individual may be relieved of joint and several liability under section 6015.

The Court applies a de novo scope and standard of review in deciding whether a taxpayer is entitled to relief under section 6015. See Wilson v. Commissioner, 705 F.3d 980, 993-994 (9th Cir. 2013), aff'g T.C. Memo. 2010-134; Porter v. Commissioner, 132 T.C. 203, 210 (2009). Except as otherwise provided in section 6015, the taxpayer (requesting spouse) bears the burden of proving entitlement to relief. Rule 142(a); Porter v. Commissioner, 132 T.C. at 210; Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004).

Three forms of relief are available under section 6015. In general, section 6015(b) provides full or apportioned relief from joint and several liability for understatements of tax, section 6015(c) provides apportioned relief to taxpayers who are divorced or separated, in respect of a deficiency, and in certain circumstances section 6015(f) provides equitable relief from joint and several liability if relief is not available under subsection (b) or (c). This Court has

jurisdiction to review respondent's denial of petitioner's request for equitable relief under section 6015(b), (c), and (f).  See sec. 6015(e)(1).

Section 6015(b)

To be eligible for relief under section 6015(b), the requesting spouse must establish, inter alia, that the understatement of tax is attributable to erroneous items of the nonrequesting spouse and, in signing the return, the requesting spouse did not know, and had no reason to know of the understatement of tax.  Sec. 6015(b)(1)(B) and (C).  The requirements of section 6015(b)(1) are stated in the conjunctive.  Haltom v. Commissioner, T.C. Memo. 2005-209.  A requesting spouse will not qualify for relief if he or she fails to meet any one requirement.  Alt v. Commissioner, 119 T.C. at 313; Haltom v. Commissioner, T.C. Memo. 2005-209.

Respondent contends that petitioner is not eligible for relief under section 6015(b) because the understatement is attributable to her unreported unemployment compensation of $11,879.[1]  Respondent further alleges that she had knowledge or reason to know of the understatement.

---

[1]The other item is $276 of interest on a joint refund sent to petitioner and Mr. Koye in 2010 with reference to 2008.

In cases involving omitted income, the requesting spouse normally will have reason to know of an understatement if she had knowledge of the transaction giving rise to the income. See Greer v. Commissioner, 595 F.3d 338, 346 (6th Cir. 2010), aff'g T.C. Memo. 2009-20; Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000), aff'd, 282 F.3d 326, 332-334 (5th Cir. 2002).

Petitioner argues that she did not know or have reason to know of the understatement. She testified that she sent to the preparer three documents as attachments to two separate emails that included the Form 1099-G. Aside from a conversation with Mr. Koye about whether to file a joint return, she and Mr. Koye did not discuss the 2010 return, according to petitioner. Petitioner testified further that she had no knowledge of the interest income because the refund check was sent to the return preparer.

Ms. Casey testified that she had trouble preparing the 2010 tax return timely because petitioner did not return the organizer to her; petitioner sent emails instead. According to Ms. Casey's testimony, she could not open all the emails petitioner sent to her. The one she could open contained the two documents she reported, a Form W-2, Wage and Tax Statement, from the DOL, and a document from "something called World Trading." Ms. Casey further testified that she reviewed the return "line by line" with petitioner and Mr. Koye separately by

telephone. She added that they wanted to know whether it would be better to file jointly or separately. Each was asked where the 2010 refund check should be sent, and she was told "the same as last year." Ms. Casey testified that during their separate telephone conversations on April 17, 2011, petitioner and Mr. Koye gave her permission to file the return so that it could be filed that night. According to Ms. Casey she became aware of the unreported income items only when Mr. Koye notified her of the receipt of the notice of deficiency.

Petitioner had knowledge or reason to know of the unreported unemployment compensation because she had actual knowledge of the income item. Petitioner did not establish that she had no reason to know of the receipt of the interest on the tax refund. Even if she did not know or have reason to know of the items of unreported income, the understatement of tax is primarily attributable to her. We therefore need not consider the other requirements.[2] See Alt v. Commissioner, 119 T.C. at 313.

---

[2]Where a spouse seeking relief under sec. 6015(b) has actual knowledge of the underlying transaction that produced the omitted income, innocent spouse relief is denied. Sec. 6015(b)(1)(C); Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000), aff'd, 282 F.3d 326 (5th Cir. 2002).

The Court finds that petitioner has failed to satisfy the requirements of section 6015(b)(1)(B) and (C). Therefore, she is not entitled to relief under section 6015(b).

Section 6015(c)

Under section 6015(c), a divorced or separated spouse may elect to limit liability for a deficiency on a joint return to the portion allocable to him or her. A taxpayer can make a valid election only if: (1) the taxpayer is divorced or is legally separated from his or her spouse; (2) the taxpayer makes a timely election; and (3) the Secretary does not demonstrate that the taxpayer had actual knowledge at the time the taxpayer signed the return of an item giving rise to a deficiency or a specific portion thereof. Sec. 6015(c)(3)(A), (B), and (C); see Cheshire v. Commissioner, 115 T.C. at 195; Stergios v. Commissioner, T.C. Memo. 2009-15. Petitioner and Mr. Koye were divorced at the time she submitted her claim for spousal relief, and respondent does not dispute that her election for relief was timely. Respondent asserts, however, that petitioner's request for relief under section 6015(c) is invalid because, at the time the joint return was filed, she had actual knowledge of the unreported items.

The rules pertaining to a requesting spouse's actual knowledge are set forth in section 1.6015-3(c)(2), Income Tax Regs. See Cheshire v. Commissioner, 115

T.C. at 195 (the knowledge standard for purpose of section 6015(c)(3)(C) is an actual and clear awareness of the existence of the item giving rise to the deficiency). In the case of omitted income, knowledge of the item includes knowledge of the receipt of the income. Sec. 1.6015-3(c)(2)(i)(A), Income Tax Regs.

Petitioner had actual knowledge of the receipt of her unemployment compensation. The record does not reflect where the refund check that included interest was deposited. Respondent has not offered any other evidence to show that petitioner had actual knowledge of the receipt of the interest income. The Court finds, therefore, that petitioner is not entitled to relief under section 6015(c) as to her unemployment compensation but is entitled to relief as to the unreported interest income. Because we lack clear and convincing evidence to support a different allocation, petitioner is allocated 50% of the interest income on the joint refund. See sec. 1.6015-3(d)(2)(iii), Income Tax Regs. As discussed below, the abuse exception does not apply to the half of the interest attributable to petitioner. See sec. 1.6015-3(c)(2)(v), Income Tax Regs.; Rev. Proc. 2013-34, 2013-43 I.R.B. 397, modifying and superseding Rev. Proc. 2003-61, 2003-2 C.B. 296.

Section 6015(f)

Section 6015(f) provides an alternative means to relieve an individual, where relief is not available under section 6015(b) or (c), from joint liability if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or deficiency. Sec. 6015(f). Under section 6015(f) the Secretary may grant equitable relief to a requesting spouse on the basis of the facts and circumstances.

Because the Court has found that petitioner does not qualify for relief under section 6015(b) or (c) with respect to her unemployment compensation and the half of the interest on the tax refund for which she did not receive relief under section 6015(c), consideration will be given to her qualification under section 6015(f) for those items. We apply a de novo standard of review as well as a de novo scope of review. See Porter v. Commissioner, 132 T.C. at 210. Petitioner bears the burden of proving that she is entitled to relief. See Rule 142(a); Porter v. Commissioner,132 T.C. at 210; Alt v. Commissioner, 119 T.C. at 311.

The Commissioner has published revenue procedures listing the factors that are normally considered in determining whether section 6015(f) relief should be granted. See Rev. Proc. 2013-34, supra. The Court considers these same factors in the light of the attendant facts and circumstances, but is not bound by them. See

Pullins v. Commissioner, 136 T.C. 432, 438-439 (2011); Sriram v. Commissioner, T.C. Memo. 2012-91.

The revenue procedure guidelines begin by establishing all the threshold requirements that, the Commissioner contends, must be satisfied before an equitable relief request may be considered. See Rev. Proc. 2013-34, sec. 4.01, 2013-43 I.R.B. at 399-400. Those conditions are: (1) the requesting spouse filed a joint return for the taxable year for which relief is sought; (2) the relief is not available to the requesting spouse under section 6015(b) or (c); (3) the claim for relief is timely filed; (4) no assets were transferred between the spouses as part of a fraudulent scheme; (5) the nonrequesting spouse did not transfer disqualified assets to the requesting spouse; (6) the requesting spouse did not knowingly participate in the filing of a fraudulent joint return; and (7) absent certain enumerated exceptions, the tax liability from which the requesting spouse seeks relief is attributable to an item of the nonrequesting spouse. If the liability is partially attributable to the requesting spouse, then relief can be considered only for the portion of the liability attributable to the nonrequesting spouse. Id.

The IRS will consider granting relief regardless of whether the understatement, deficiency, or underpayment is attributable (in full or in part) to the requesting spouse if any of the following exceptions applies: (1) attribution

due solely due to the operation of community property law; (2) nominal ownership; (3) misappropriation of funds; (4) abuse; and (5) fraud committed by the nonrequesting spouse. Id. sec. 4.01(7).

Petitioner alleges that Mr. Koye abused her. The revenue procedure provides that if the requesting spouse can show that she was the victim of abuse before the filing of the tax return, and that as a result of that abuse the requesting spouse was not able to challenge the treatment of any items on the return for fear of retaliation, consideration will be given to granting equitable relief even though the deficiency or underpayment is attributable in whole or in part to an item of the requesting spouse. Id. sec. 4.01(7)(d), 2013-43 I.R.B. at 400.

The record does contain some evidence suggesting abuse. In May 2010 protective orders were issued in favor of petitioner and her children against Mr. Koye on the basis of a finding that there were reasonable grounds to believe that Mr. Koye had committed an assault. Petitioner alleges that in late May 2010 relatives came to her house to visit and when she opened the door to greet them, Mr. Koye pushed her out into her relatives and closed the door. That is the incident that she said prompted her to obtain the protective orders. Mr. Koye was eventually adjudicated "not guilty" of a second degree criminal assault charge after petitioner refused to testify and withdrew the complaint.

The abuse incident that petitioner raises took place almost a year before the preparation of the return at issue here. Petitioner has not suggested, much less proved, any connection between the May 2010 incident and the absence of her unemployment compensation from her joint income tax return in 2011. On the basis of the testimony of petitioner and Ms. Casey, it appears to the Court that somehow Ms. Casey either did not receive the Form 1099-G or could not open it, and petitioner for some reason failed to catch the mistake in her communications with Ms. Casey. The Court concludes that it was not abuse that caused the omission of petitioner's item from the return.

On the record before us petitioner is unable to meet requirement (7), that the liability be attributable to the nonrequesting spouse. On the record, the Court concludes that petitioner has failed to carry her burden of establishing that it would be inequitable to hold her liable for the tax liability, and the Court holds that she is not entitled to relief under section 6015(f) with respect to the unreported unemployment compensation of $11,879 and half of the interest on the tax refund.

To reflect the foregoing,

Decision will be entered under Rule 155.
